[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before this court is whether the Inland Wetlands Commission of the Town of Wilton ("Commission") abused its discretion when it denied the plaintiff, Raymond Tobiassen's ("plaintiff' or "applicant"), "Application for Significant Related Activity." The Commission stated, in its decision, that "[t]he applicant failed to demonstrate that feasible and prudent alternatives do not exist which would have a lesser impact on wetlands and watercourses as required by Section 10.3 of the CT Page 7351 Wilton Inland Wetland and Watercourses Regulations. Specifically, alternatives were not presented which reduced the intrusion into the regulated buffer, proposed less impervious surfaces, and which preserved the natural features relevant to the protected resources to a greater extent." (Return of Record [ROR], Exhibit B).
After reviewing the record, this court finds that the Commission did not abuse its discretion when it "denied without prejudice" the plaintiff's application, since the evidence in the record supports the Commission's decision. The plaintiff proposed construction of a single family dwelling, a lawn and a septic system on the property, and sought the requisite permit from the Commission. Although these proposals may not be located within the wetland itself, they do fall within the buffer zone surrounding the wetland. As such, the Commission has the right to control this area and may deny the application. According to the Town of Wilton Inland Wetlands Watercourses Regulations ("Regulations"), where the Commission finds that the "proposed activity may have [a] significant impact on wetlands or watercourses . . . a permit shall not be issued unless the Commission finds on the basis of the record that the proposed alteration or destruction of wetlands or watercourses is unavoidable and that a feasible and prudent alternative to the alteration and destruction . . . does not exist." (ROR, Exhibit J: Regulations, § 10.3).
There is nothing in the record which indicates that the plaintiff presented alternatives to the Commission. In fact, the evidence in the record indicates that the plaintiff only presented one footprint of the house he wanted to build, which was quite large. (ROR, Exhibit G: Transcript from Feb. 12, 1998 Commission Meeting, p. 33). The plaintiff did not present any alternatives which might include a smaller footprint, thereby moving the lawn and septic system out of the buffer zone. As such, the Commission was justified in denying the plaintiff's application.
Based on the evidence in the record, this court finds that the record does support the Commission's decision and, therefore, the plaintiff's appeal is dismissed. However, this court notes that the Commission's denial was "without prejudice," and the plaintiff should forthwith return to the Commission with proposed alternatives. The Commission also should be prepared to set forth their own reasonable alternatives, if necessary, so that a CT Page 7352 resolution of the outstanding matter may be reached.
So Ordered.
Ryan, J.